MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 69
Docket:        Ken-17-452
Submitted
  On Briefs:   April 10, 2018
Decided:       May 15, 2018

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, and HUMPHREY, JJ.

JASON BEGIN

v.

STATE OF MAINE

PER CURIAM

[¶1]  Jason Begin appeals from a judgment of the Superior Court (Kennebec County, *Stokes, J.*) denying his petition for release and discharge from the custody of the Commissioner of Health and Human Services pursuant to 15 M.R.S. § 104-A (2017).  Begin argues that the court erred as a matter of law when it determined that Begin failed to prove that he "may be released or discharged without likelihood that [he] will cause injury to [himself] or to others due to mental disease or mental defect."  *See* 15 M.R.S. § 104-A(1).  We disagree and affirm.

[¶2]  In support of his contention, Begin cites to a case where we stated that "[t]he acquittee must establish either that (1) 'the mental disease or defect by reason of which he was relieved of criminal responsibility no longer

2

exists,' or (2) he 'no longer poses a danger to himself or others if he is released' despite any continuing mental illness." *Beauchene v. State*, 2017 ME 153, ¶ 6, 167 A.3d 569 (quoting *Green v. Comm'r of Mental Health & Mental Retardation*, 2000 ME 92, ¶ 27, 750 A.2d 1265); *see also LaDew v. Comm'r of Mental Health & Mental Retardation*, 532 A.2d 1051, 1054-55 (Me. 1987). According to Begin, the court should have granted his petition because the experts who testified at his hearing agreed that he does not currently have schizophrenia, the diagnosis that served as the basis for the finding of not criminally responsible in 2004.

[¶3]  Contrary to Begin's argument, our focus in *Beauchene* and *LaDew* was on the legal definition of "mental disease or defect"—not the medical diagnoses that contributed to a finding of mental disease or defect.  *See Beauchene*, 2017 ME 153, ¶ 10, 167 A.3d 569; *LaDew*, 532 A.2d at 1054-55. We have never held that an acquittee is entitled to release or discharge if he proves that the specific mental diagnosis by which he was found to have a mental disease or defect no longer exists.  Accordingly, the court applied the correct standard when it denied Begin's petition for release and discharge.[1]

---

[1] We are not persuaded by Begin's additional contention—that the court erred when it reviewed and relied on reports that were filed with the court.  *See* 15 M.R.S. §§ 101-D, 104-A (2017).

The entry is:

>Judgment affirmed.

---

Rory A. McNamara, Esq., Drake Law, LLC, Berwick, for appellant Jason Begin

Maeghan Maloney, District Attorney, and Carie E. James, Asst. Dist. Atty., Office of the District Attorney, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CV-2005-150
FOR CLERK REFERENCE ONLY